IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

    Plaintiff,                    No. CIV S-08-1160 WBS KJM P

    vs.

SUSAN HUBBARD, et al.,        ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

/

        This action was originally filed in Solano County Superior Court, but on May 23, 2008 defendant Veal removed it to this court under 28 U.S.C. § 1441(b) and asked that the court screen the complaint. On June 18, 2008, plaintiff filed an opposition to removal, which this court will treat as a request to remand the case under 28 U.S.C. § 1447.

        Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997). Federal courts have original jurisdiction over cases "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges a violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132, et seq. Accordingly, removal was proper.

/////

In his request to remand, plaintiff offers to amend him complaint to eliminate the ADA claims.  Dismissal of a federal claim will usually authorize a court to remand the case to state court.  Williams v. Costco Wholesale Corporation, 471 F.3d 975, 977 (9th Cir. 2006); 28 U.S.C. § 1367 (c)(3).

Defendant urges, however, that plaintiff's use of the term "deliberate indifference" in connection with his negligence claim means that plaintiff is raising an Eighth Amendment claim; plaintiff does not explicitly cite to 42 U.S.C. § 1983 or to the U.S. Constitution.  The Ninth Circuit has explained:

> The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law.  Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint. . . . . [M]ere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.

Easton v. Crossland Mortgage Corporation, 114 F.3d 979, 982 (9th Cir. 1997).  In this case, plaintiff used a term common in federal jurisprudence, but did not otherwise rely on federal law to plead his claim.  Moreover, it does not appear that "deliberate indifference" is a necessary element of a state law negligence claim.  See Padilla v. Rodas, 160 Cal.App.4th 742, 751 (2008) ("Actionable negligence involves a legal duty to use due care, a breach of such legal duty, and the breach as the ... legal cause of the resulting injury").  The use of the term "deliberate indifference" does not convert plaintiff's negligence claim into a federal cause of action.  Because plaintiff has offered to delete his ADA claim, remand is appropriate.  28 U.S.C. § 1367(c).

IT IS THEREFORE ORDERED that defendant's request that the court screen the complaint (docket no. 4) is granted.

IT IS HEREBY RECOMMENDED that the case be remanded to Solano County Superior Court and the file closed.

1   These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9 DATED:  July 7, 2008.

_____
U.S. MAGISTRATE JUDGE

2

bark1160.rem