IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

        Plaintiff,                    No. CIV S-08-1160 WBS KJM P

    vs.

SUSAN HUBBARD, et al.,

        Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prison inmate proceeding pro se with a complaint which defendant Foster removed from Solano County Superior Court. Plaintiff objected to the removal and offered to dismiss his claim under the Americans With Disabilities Act. This court recommended that the case be remanded to state court. Plaintiff then filed objections to this recommendation, explaining that he wished to proceed in this court with his ADA claim. Accordingly, the court vacates its recommendation.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1  /////

2  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
3  U.S.C. § 1915A(b)(1),(2).

4        A claim is legally frivolous when it lacks an arguable basis either in law or in
5  fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-
6  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.
8  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
9  inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d
10  639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.  A complaint, or portion thereof, should
11  only be dismissed for failure to state a claim upon which relief may be granted if it appears
12  beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would
13  entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

14        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
15  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
16  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell</u>
17  <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must
18  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
19  factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Id</u>.  However,
20  "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair
21  notice of what the . . . claim is and the grounds upon which it rests."'"  <u>Erickson v. Pardus</u>, 551
22  U.S. 89, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must
23  accept as true the allegations of the complaint, <u>id</u>., and construe the pleading in the light most
24  favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

25        Plaintiff alleges that the defendants refused to fix a safety hazard, which caused
26  plaintiff to slip and fall in the shower at California Medical Facility (CMF).  He also alleges that

"custody staff" at CMF housed him in an area that is not wheelchair accessible, which resulted in his injuring himself a second time.  Finally, he claims that the defendants "intentionally introduced false statements on state documents."

Plaintiff names as defendants Susan Hubbard, the Warden of CMF, M. Veal, the prior warden, Lieutenant Kett and Lieutenant Foster.  In the body of the complaint, however, plaintiff mentions defendant Foster only: "Lt. Foster, states that problem of Plaintiff's not being able to enter U-Wing shower area had been fixed.  By Plant Operations, removing the concrete barrier . . . by way of an work order that was submitted, by Lt. Foster, to this date . . ., U-Wing shower still remains unexcessible to wheelchair user's. . . ." (reproduced as in original). It appears that Foster was the only defendant served before the action was removed.

A.  ADA Claim

In order to establish a violation of Title II of the ADA, "plaintiff must show that (1) []he is a qualified individual with a disability; (2) []he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); see also Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206 (1998) (Title II of the ADA applies in the prison context).  A person is disabled within the meaning of Title II by reason of "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).  Plaintiff has suggested that he was in a wheelchair, but has not provided a "short and plain statement" describing the nature of his disability or the exact nature of the discrimination against him.  Although a wheelchair bound plaintiff may be able to state a Title II claim based on problems getting access to showers, plaintiff's conclusory pleadings do not state this claim. Pierce v. County of Orange, 526 F.3d 1190, 1218 (9th Cir.) cert. denied, ___ U.S. ___, 129 S. Ct. 597 (2008).

/////

In addition, plaintiff has named individual defendants rather than the prison itself or the Department of Corrections; it is not clear whether he is suing them in their individual or official capacities. Under Title II, however, plaintiff may not maintain a suit against prison officials in their individual capacities, because that portion of the ADA prohibits exclusion by a public entity, not by an individual. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); see also 42 U.S.C. § 12131(1)(A)-(B).

If plaintiff is suing the defendants in their official capacities, he must show that the defendants' conduct that violates the ADA also violates plaintiff's constitutional rights. See United States v. Georgia, 546 U.S. 151, 159 (2006). The court cannot determine whether he has met that standard because of the conclusory nature of his pleadings.

B. Other Claims

Plaintiff alleges that as a result of the defendants' negligence, he fell and injured himself. To state a claim under the civil rights act, a plaintiff must allege that a constitutional right was violated by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Neither negligence nor gross negligence translates to a deprivation under the due process clause, even if it causes injury. Daniels v. Williams, 474 U.S. 327, 331 (1986) (no violation of civil rights when prisoner injured himself by slipping on pillow left on the floor); Farmer v. Brennan, 511 U.S. 825, 835-36 (1994); see Jackson v. State of Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000) (claim of slippery floors does not state a cause of action under the civil rights act).

> [T]he due process guarantee does not entail a body of constitutional law imposing liability whenever someone with state authority causes harm.

County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). Plaintiff's pleading does not show that his constitutional rights were violated by the vaguely-described hazardous condition.

/////

4

1  /////

2     In addition, plaintiff makes conclusory allegations that defendants falsified some

3  official documents.  In <u>Paine v. Baker</u>, 595 F.2d 197 (4th Cir. 1979), the Court of Appeals

4  recognized that

5      in certain limited circumstances a claim of constitutional
    magnitude is raised where a prisoner alleges (1) that information is
6      in his file, (2) that the information is false, and (3) that it is relied
    on to a constitutionally significant degree.

7

8  <u>Id</u>. at 201.  Plaintiff has not described what documents were allegedly falsified nor that any such

9  documents were relied upon to a significant degree.

10     Finally, a plaintiff must connect the named defendants clearly with the claimed

11  denial of his rights.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 843 (1994) (official's liability for

12  deliberate indifference to assault requires that official know of and disregard an "excessive

13  risk"); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises

14  only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is

15  no respondeat superior liability under section 1983"); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44

16  (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named

17  defendant and claimed injury); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194-95 (9th Cir. 1998),

18  <u>cert. denied</u>, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that

19  show that an individual was personally involved in the deprivation of his civil rights.").  Here,

20  he has utterly failed to do so.

21     Plaintiff will be given an opportunity to file an amended complaint.  If he does so,

22  the court cannot refer to a prior pleading in order to make plaintiff's amended complaint

23  complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without

24  reference to any prior pleading.  This is because, as a general rule, an amended complaint

25  supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once

26  plaintiff files an amended complaint, the original pleading no longer serves any function in the

5

Case 2:08-cv-01160-WBS-CKD   Document 15   Filed 01/14/09   Page 6 of 6

/////

case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS THEREFORE ORDERED that:

1. The findings and recommendations filed July 8, 2008 are hereby vacated;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

4. Plaintiff's request for assistance in serving the defendants (docket no. 13) is denied without prejudice; if the court finds that plaintiff's amended complaint states one or more claims, it will direct the U.S. Marshal to serve the defendants.  Plaintiff has not yet met the requisites that would entitle him to have the Marshal serve the defendants; and

5. The Clerk of the Court is directed to sent plaintiff a copy of the form for a civil rights action by a prisoner.

DATED: January 13, 2009.

_____
U.S. MAGISTRATE JUDGE

2

bark1160.vf&r