IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

    Plaintiff,                           No. CIV S-08-1160 WBS KJM P

    vs.

L. SUSAN HUBBARD, et al.,

    Defendant.                        ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983 and 42 U.S.C. §§ 12131 (the Americans with Disabilities Act or ADA). He also brings state law causes of action, invoking the court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiff initially filed this action in Solano County Superior Court. Defendants removed the case to this court pursuant to 28 U.S.C. § 1441(b). Defendant Foster has moved that the court screen the amended complaint under 28 U.S.C. § 1915A.[1]

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Defendant Foster was one of two defendants named in the original complaint. The other named defendant, Susan Hubbard, is not named in the amended complaint. The amended complaint names several other defendants for the first time. This screening order addresses the viability of plaintiffs' claims against all defendants named in the amended complaint.

1

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint

/////

for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

I.  Federal Causes Of Action

The court finds that the amended complaint states cognizable claims against all defendants under 42 U.S.C. § 1983 and the ADA. Therefore those two causes of action shall proceed.

II.  State Law Causes Of Action

The amended complaint asserts claims for negligence under California common law and California Civil Code § 1714. Am. Compl. ¶ 33. In Li v. Yellow Cab Co., 13 Cal.3d 804, 814 (1975), the California Supreme Court stated that the intent of the California legislature in passing Civil Code § 1714 was "to announce and formulate existing common law principles and definitions for purposes of orderly and concise presentation and with a distinct view toward continuing judicial evolution." The court therefore finds that plaintiff has stated a single, cognizable cause of action for negligence, regardless of whether it is construed under California common law or state statute. The state law claim for negligence is properly averred against all defendants. The amended complaint states that plaintiff has exhausted his state remedies with respect to his state law claims. Am. Compl. ¶ 21.

Under 28 U.S.C. § 1367, if a district court has original jurisdiction over a claim, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The court must exercise supplemental jurisdiction unless it is prohibited by § 1367(b) or unless one of the exceptions of § 1367(c) applies. Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist of California, 24 F.3d 1545, 1556-57 (9th Cir. 1994), overruled on other grounds, California Dept. Of Water Resources v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008). The district court may decline to exercise supplemental jurisdiction over a state law claim if (1) the claim raises a

novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Plaintiff's state law negligence claim arises from the same set of alleged facts as do the claims brought under the civil rights act and the ADA. Furthermore, neither § 1367(b) nor any of the exceptions listed in § 1367(c) applies to the negligence claim. Therefore the court shall exercise its supplemental jurisdiction over the negligence claim. The plaintiff shall proceed with a single claim of negligence against all defendants named in the amended complaint.

All of the other causes of action brought under state law are frivolous insofar as they are based on meritless legal theories. Plaintiff alleges claims based on California Penal Code sections 147, 2650 and 2652. See Am. Compl. ¶ 33. A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the penal statutes listed in the complaint and finds no indication that civil enforcement of any kind is stated or implied in them.[2] Therefore, no cause of action based on California Penal Code §§ 147, 2652 or 2650 shall proceed.

Plaintiff also has alleged causes of action based on California Government Code §§ 820.2, 815.6, 11135 and 12921. Section 820.2 by its terms confers immunity from civil liability on public employees for actions carried out in execution of their discretionary duties. It does not create a private cause of action. Section 815.6 applies solely to governmental entities,

---

[2] See Brown v. Cavanaugh, 2009 WL 383323, * 2 (E.D. Cal.) (finding no private cause of action under § 147); Evans v. Tilton, 2008 WL 4057961, *4 (E.D. Cal.) (finding no private cause of action under § 2652).

not to individuals.  Shead v. Vong, 2009 WL 2905886, *6 (E.D. Cal.).  Because no governmental entities are named in the amended complaint, there can be no cause of action under section 815.6.  Section 12921 prohibits discrimination in employment and housing, neither of which is alleged here.  Therefore plaintiff has no claim under section 12921.  Finally, as to the claim alleged under Government Code § 11135, that statute provides:

> No person in the State of California shall, on the basis of race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, or disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

By amendment to California Government Code § 11139, a private cause of action for equitable relief exists for violation of § 11135.  McIver v. California State Exposition and Fair, 2003 WL 24205919 at *2 (E.D. Cal.).  Here, plaintiff seeks only declaratory relief and damages.  Am. Compl. at 11.  He seeks no equitable relief.  Therefore the cause of action alleged under Government Code § 11135 cannot proceed.[3]

III.   Conclusion

Based on the foregoing, the court finds that plaintiff has stated cognizable causes of action under 42 U.S.C. § 1983 and the ADA as well as a single cause of action for negligence under California law.  Plaintiff shall proceed with these claims against all defendants named in the amended complaint.[4]

/////

---

[3] In so ruling, the court expresses no opinion as to whether the amended complaint alleges that plaintiff was denied access to a "program or activity" within the meaning of § 11135.

[4] Furthermore, the court shall send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner so that service on the newly named defendants may be effected.  Upon receipt and approval of plaintiff's application, the court will direct the U.S. Marshal to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to screen the complaint (docket no. 17) is granted; and

2. The Clerk of Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner. Plaintiff shall complete and return the Application to the court within thirty days of the entry of this order.

Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt and approval of plaintiff's application to proceed in forma pauperis, the court will direct the United States Marshal to serve the defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: September 30, 2009.

_____
U.S. MAGISTRATE JUDGE

4
bark1160.1a