IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

        Plaintiff,                      No. CIV S-08-1160 WBS KJM P

   vs.

J. FOSTER, et al.,

        Defendants.            <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

        On January 11, 2010, the court ordered the United States Marshal to serve process upon several defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

/////

On June 18, 2010, the United States Marshal filed a return of service with a USM-285 form showing total charges of $114.50 each for effecting personal service on defendants Mizzen, Reyes and Swagger. The form shows that a waiver of service form was mailed to defendants Reyes and Swagger on January 20, 2010, and defendant Mizzen on January 28, 2010, and that no responses were received.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2).

The court finds that defendants Mizzen, Reyes and Swagger were given the opportunity required by Rule 4(d)(2) to waive service and failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendants Mizzen, Reyes and Swagger shall each pay to the United States Marshal the sum of $114.50, unless within that time each files a written statement showing good cause for his failure to waive service.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: July 6, 2010.

_____
U.S. MAGISTRATE JUDGE

4/mp
bark1160.taxcost