IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER

    Plaintiff,                    No. 2:08-cv-1160 WBS KJN (TEMP) P

    vs.

SUSAN HUBBARD, et al.

    Defendants.              <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding with counsel in an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, <u>et</u> <u>seq</u>., and state law. On May 30, 2011, plaintiff's counsel timely filed a motion to file a second amended complaint. The motion came on for hearing on June 30, 2011, with all parties represented by counsel.

        Defendants have filed a statement of non-opposition to the motion. <u>See</u> Dkt. No. 78. However, the court still must screen the proposed second amended complaint under 28 U.S.C. § 1915A(a). The court must disallow the second amended complaint or any portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7          When considering whether a complaint states a claim upon which relief can be
8  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
9  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.
10 Rhodes, 416 U.S. 232, 236 (1974).  Still, a complaint must contain more than "naked assertions,"
11 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell
12 Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  "Threadbare recitals of the elements
13 of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal,
14 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must
15 have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the
16 plaintiff pleads factual content that allows the court to draw the reasonable inference that the
17 defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  Attachments to a
18 complaint are considered to be part of the complaint for purposes of a motion to dismiss for
19 failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19
20 (9th Cir.1990).

21         The court finds that the proposed second amended complaint meets the pleading
22 standard set by 28 U.S.C. § 1915A.  However, it is important to note, for screening purposes,
23 what plaintiff's counsel confirmed at the hearing of June 30 – i.e., that the second amended
24 complaint asserts claims only under the ADA and state law.  To the extent plaintiff previously
25 asserted claims under the Civil Rights Act, 42 U.S.C. § 1983, he has now abandoned those
26 claims.  Moreover, plaintiff's counsel confirmed at the hearing that the second complaint asserts

1  liability against the defendants in their official capacities only.  The second amended complaint
2  does not seek any relief against any defendant in his or her individual capacity.

3         The court further finds that defendant Hubbard has been properly named as a
4  defendant in the second amended complaint, asserting liability against her in her official capacity
5  under the ADA and state law.  Therefore the court will allow service of the second amended
6  complaint upon defendant Hubbard.[1]

7         As stated at the hearing of June 30, counsel for defendants has seven days from
8  the entry of this order in which to notify plaintiff's counsel whether she has authority to accept
9  service on behalf of defendant Hubbard.  If defense counsel cannot obtain that authority,
10 plaintiff's counsel should effect service on defendant Hubbard under Fed.R.Civ.P. 4.

11        Accordingly, IT IS HEREBY ORDERED that:

12        1.  The motion to amend the complaint (Dkt. # 77) is granted.  The second
13 amended complaint is accepted as filed May 30, 2011, nunc pro tunc.

14        2.  Counsel for defendants has seven days from the entry of this order in which to
15 notify plaintiff's counsel whether she has authority to accept service on behalf of defendant
16 Hubbard.  If defense counsel cannot obtain that authority, plaintiff's counsel should effect service
17 on defendant Hubbard under Fed.R.Civ.P. 4.

18 DATED: July 7, 2011

19
20                 _____
                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE

21 bark1160.ord

---

[1] The defendants who have been served with the first amended complaint still must respond to the second amended complaint within the time allowed under Fed.R.Civ.P. 15(a)(3). As the court stated at the hearing of June 30, the magistrate judge's decision to allow the second amended complaint under 28 U.S.C. § 1915A does not foreclose those defendants' right to file, in lieu of an answer, a motion to dismiss the second amended complaint's newly articulated claims of official liability.

3