IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

    Plaintiff,                    No. CIV S-08-1160 WBS CKD P

    vs.

SUSAN L. HUBBARD, et al.,

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding with counsel. In his May 30, 2011 second amended complaint, plaintiff alleges that between May, 2006 and March, 2007 he was forced to use a shower which was difficult for plaintiff to access in his wheelchair. Plaintiff asserts he was injured when he attempted to access the shower on December 27, 2006 and again on January 20, 2007. As a result of his being forced to use a shower not suitable for persons using a wheel chair, plaintiff asserts his rights arising under the Americans with Disabilities Act (ADA), the California Disabled Persons Act (CDPA) and California's Unruh Civil Rights Act

/////

/////

/////

/////

1

(Unruh Act) were violated.  Plaintiff seeks damages.  The defendants who have appeared[1] (defendants) have filed a motion to dismiss plaintiff's state law claims.

First, defendants argue plaintiff has failed to plead facts indicating compliance with the California Government Claims Act (Claims Act) or that he is somehow excused from compliance.  Under the Claims Act, suits against public entities for damages may not proceed unless a written claim has been presented to and resolved by the entity.  Cal. Gov. Code § 945.4.  Included in this act is a requirement that:

> . . . one who sues a public employee on the basis of acts or omissions in the course of the [employee's] employment [must] have filed a claim against the public entity employer pursuant to the procedure for claims against public entities.

Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13 (6th Dist. 1991).  Claims are not filed directly with the "public entity," but with the Victim Compensation and Government Claims Board (VCGCB).  Cal. Gov't Code § 905.2.  There are time limits for filing, id. at § 911.2, and procedures for applying to file late, id. at § 911.4 & 946.6.  "Claim presentation is not merely procedural, it is "an integral part of plaintiff's cause of action."  California v. Sup. Court, 32 Cal.4th 1234, 1240 (2004).  Therefore, a plaintiff must allege facts in his complaint demonstrating compliance with the Claims Act or a valid excuse for failing to comply.  Id. at 1241-42.  Otherwise, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted.  Id.

In his second amended complaint, the only reference plaintiff makes to the requirements of the Claims Act is:  "On information and belief, [plaintiff] . . . exhausted Calif. Gov. Claim No. G-567324."  Second Am. Compl. at ¶ 36.  The court cannot find that this vague assertion satisfies the requirement that plaintiff allege facts demonstrating compliance with the

---

[1] The defendants who have appeared are defendants Foster, Kett, Sweigert, Reyes, Mizzen, Singh, the California Department of Corrections and Rehabilitation, and the State of California.

Claims Act. First, it is not clear whether "Gov. Claim No. G-567324" concerns any of the facts at issue in the state law claims before this court. Even if the court assumes the facts supporting his state law claims here are the same as those presented in "Gov. Claim No. G-567324," plaintiff makes no discernable allegation as to whether he complied with all of the terms of the Claims Act, such as the provisions concerning when the claim must be presented. Plaintiff asserts he "exhausted" his "Gov. Claim," but, at best, this can be read as an indication that any remedies under the Government Claims Act with respect to "Gov. Claim No. G-567324" are no longer available, not as an adequate declaration of compliance with all of the terms of the Claims Act. See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009) (bare allegation of compliance with Claims Act is a mere conclusion insufficient to meet pleading requirements).

        Furthermore, plaintiff does not assert in his opposition that the court should construe his second amended complaint as demonstrating compliance with the Claims Act, nor does plaintiff seek leave to change his pleadings to clarify that he did comply.[2] Rather, he makes a novel and confusing argument concerning preemption of state law by federal law.[3] Essentially, plaintiff argues that the requirements of the Claims Act within the context of claims brought under the CDPA and Unruh Act are preempted by the ADA. But, there is nothing in the ADA

---

[2] The court notes that defendants attach several documents to their motion which indicate plaintiff did file a claim pursuant to the Claims Act with the VCGCB concerning the injury he suffered on December 27, 2006. The documents provided by defendants indicate the reference number for the claim is G-568769. Plaintiff does not mention this particular claim in his second amended complaint, nor does he argue in his opposition that the claims presented in the action referenced as G-568769 served to satisfy the Government Claims Act with respect to any claim arising under state law in this action.

Also, the court notes that defendants ask that the court take judicial notice of the documents they provide with their motion to dismiss. However, the court does not take judicial notice of documents, it takes judicial notice of facts. See Fed. R. Evid. 201. Defendants fail to point to any specific facts this court should notice. Furthermore, as indicated above, the documents provided by defendants reference a VCGCB claim not referenced by plaintiff in his complaint or his opposition to defendants' motion to dismiss. Therefore, there is no cause to judicially notice any particular facts which are capable of being noticed from the documents provided by defendants.

[3] Where state and federal law conflict, the Supremacy Clause in the Constitution dictates that state law must give way. Pliva, Inc. v. Mensing, 131 S. Ct. 2567, 2577 (2011).

which suggests it was Congress' intent to invalidate a claim presentation statute such as the Claims Act as applied to state law claims similar to those arising under ADA or otherwise. Plaintiff points to this clause of the ADA in support of his argument:

> (b) Relationship To Other Laws
>
> Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State . . . that provides equal or greater protection for the rights of individuals with disabilities than are afforded by this chapter.

42 U.S.C. § 12201(b). Essentially, plaintiff asserts that CDPA and Unruh Act claims are not in compliance with this provision of the ADA if the provisions of the Claims Act are applicable because, if the Claims Act is applicable, the CDPA and Unruh Act will not provide "equal or greater protection for the rights of individuals with disabilities than are afforded by [the ADA]." However, in the section of the ADA cited above, Congress made a very simple and limited proclamation that any law providing equal or more protection than the ADA would not be preempted by the ADA. Congress said nothing explicitly or implicitly about state statutes providing less protection than the ADA, or the applicability of claim presentation statues, such as the Claims Act, to ADA-like claims arising under state law. Furthermore, as defendants argue, the procedural requirements of the Claims Act do not render the CDPA or the Unruh act as providing less "protection" than the ADA as the Claims Act does not limit the relief which can be obtained or the types of claims which can be asserted.

For all the foregoing reasons, defendants' motion to dismiss plaintiff's claims arising under California law should be granted. The court notes that defendants also argue in their motion that certain defendants are entitled to immunity under the Eleventh Amendment with respect to plaintiff's state law claims. In light of the foregoing, however, the court need not address this argument.

\\\\

\\\\

4

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss filed July 29, 2011 be granted;

2. Plaintiff's claims arising under California law – claims three and four in his second amended complaint – be dismissed;

3. Defendants Foster, Kett, Sweigert, Reyes, Mizzen, Singh, the California Department of Corrections and Rehabilitation, and the State of California be ordered to file their answer within fourteen days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bark1160.57

5